794 P.2d 1158

**Merlyn UMPHENOUR and Joan Umphenour, husband and wife, Plaintiffs–Respondents,**

v.

**Dean YOKUM and Lorraine Yokum, husband and wife, d/b/a Yokum's Market, a/k/a Yokum's Thrift, Yokum's Food City, Inc., Defendants–Appellants.**

No. 17885.

Court of Appeals of Idaho.

July 9, 1990.

Evans, Craven & Lackie, P.S., Coeur D'Alene, for defendants-appellants. Jarold P. Cartwright, argued.

Rapaich, Knutson & Chapman, Lewiston, for plaintiffs-respondents. Scott MacDonald Chapman, argued.

Before WALTERS, C.J., BURNETT, J., and CAREY, J., Pro Tem.

PER CURIAM.

This is a personal injury case presenting a question of negligence. Although this question is framed by an order for a new trial, the dispositive issue is whether there is a genuinely triable issue as to causation and breach of duty. For reasons set forth more fully below, we hold there is not. Accordingly, we remand the case for entry of a judgment for the defendants.

The underlying facts may be recited briefly. Joan Umphenour was employed at Yokum's Thrift, a grocery market in Kooskia, Idaho. On the morning of November 10, 1984, Mrs. Umphenour's husband gave her a ride to work. Upon arrival, the Umphenours heard the store's burglar alarm sounding. There had been several previous occasions when the alarm had sounded but no intruders had been found. The Umphenours entered the store, and Mrs. Umphenour went toward her office. Meanwhile, Mr. Umphenour decided to conduct an investigatory tour of the premises. As he walked near a meat case at the back of the store, Mr. Umphenour saw an intruder. He approached the intruder and a second intruder attacked, causing severe injury. The Umphenours subsequently brought this negligence action against the grocery store owners, alleging negligence in failing to repair the burglar alarm.

The store owners moved for summary judgment on the basis that the complaint failed to allege a cause of action in negligence, and more specifically, that the store owners were not liable for injury inflicted upon Mr. Umphenour by one of the intruders. The district court denied the motion, and the case went to a jury trial. Following the presentation of the Umphenour's case, the store owners moved for a directed verdict, again asserting that the essential requirements of a negligence case had not been met. This motion also was denied and the trial continued, resulting in a defense verdict. The Umphenours filed a motion for a new trial, asserting that the special verdict form given to the jury did not conform to jury instructions on Mr. Umphenour's status as either a licensee or invitee in the store. The district court granted the motion and ordered a new trial. The store owners filed this appeal, arguing that any possible error in the special verdict form or the jury instructions was irrelevant because this case should never have been submitted to a jury. We agree.

We first note that, procedurally, this case came to us from the granting of a motion for a new trial. This is an appealable order under I.A.R. 11(a)(5), and, as such, is deemed also to include and present all interlocutory judgments, orders, and decrees. I.A.R. 17(e). *See also Hartwell Corp. v. Smith*, 107 Idaho 134, 686 P.2d 79 (Ct.App.1984). Therefore, we are free to examine the propriety of the trial court's earlier denial of the directed verdict and summary judgment motions filed by the store owners. We believe these motions should have been granted because of a fundamental flaw in the case before us— the Umphenours' failure to establish a legally cognizable theory of liability.

A claim based on negligence must show (1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage. *Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980). Here, the case turns on the interrelationship of requirements (1) and (3). Mr. Umphenour was injured by an intruder but he sued the store owners. He alleged that their negli-

gent failure to repair the burglar alarm caused him to enter the store without the caution he would have exhibited if no burglar alarm had been ringing or if it had not sounded falsely on several previous occasions. Thus, he contended that the alarm failed to warn him of danger in the store. Yet he testified that he entered the store, and investigated the interior for intruders, *because* the alarm was sounding.

■ In our view, this fundamental contradiction fatally undercut any claim of liability against the store owners. Although the determination of the factual cause of an injury is normally left to a jury, a court may perform that function as a matter of law when the undisputed facts reasonably lead to only one conclusion. *Munson v. State, Dept. of Highways*, 96 Idaho 529, 531, 531 P.2d 1174, 1175 (1975). We believe this to be such a situation. Mr. Umphenour's own conduct—entering the store, looking for an intruder, finding an intruder and approaching him—leaves no room for any claim that the ensuing injury was the fault of the store owners. They did not create the danger within the store; indeed, their burglar alarm warned of the danger. Mr. Umphenour voluntarily sought and encountered the danger. Although we sympathize with his resultant injury, we cannot say that it was caused by any violation of duty by the store owners.

We therefore reverse the order granting a new trial and remand this case to the district court, where a judgment of dismissal shall be entered. No costs or attorney fees on appeal.