Sam GOEHRING; Margaret Goehring; Margaret Goehring, as Conservator and Next Best Friend of Heather Walbridge, Tianna Goehring and Tomy Goehring; Heather Walbridge; Tianna Goehring; Tommy Goehring, Plaintiffs–Appellants,

v.

TARGET; Dayton Hudson Stores; Bernzomatic Corp; Newell Co; Newell Operation Co; Worthington Cylinder; Natural Gas Odorizing, Inc., a Texas corporation; Flying J. Inc., Defendants–Appellees.

Sam Goehring; Margaret Goehring; Margaret Goehring, as Conservator and Next Best Friend of Heather Walbridge, Tianna Goehring and Tommy Goehring, Plaintiffs–Appellees,

v.

Flying J. Inc., a Utah corporation, Defendant–Appellant,

and

Target; Dayton Hudson Stores; Bernzomatic Corp; Newell Co; Newell Operation Co; Worthington Cylinder; Natural Gas Odorizing, Inc., Defendants.

No. 01–36066, 01–36091.
D.C. No. CV–99–00007–EJL(MHW),
CV–99–00007–MHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided Jan. 16, 2004.

Robert C. Huntley, Jr., Esq., Boise, ID, Gregory N. McEwen, Esq., McEwen Law Firm, St. Paul, MN, Donald G. Beattie, Esq., Beattie Law Firm, PC, Pleasant Hill, IA, for Plaintiffs–Appellants.

David R. Lombardi, Esq., Karl T. Klein, Esq., Givens Pursley LLP, Boise, ID, Richard B. Kading, Jr., Esq., Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, ID, Thomas J Henehan, Esq., Joseph J. Krasovec, III, Esq., Schiff Hardin & Waite, Chicago, IL, Jeremiah A. Quane,

Esq., David S. Perkins, Esq., Quane Smith LLP, Boise, ID, Robert A Anderson, Anderson Julian & Hull, Boise, ID, John G. Simmons, Idaho Falls, ID, for Defendants–Appellees.

Before D.W. NELSON, THOMAS, Circuit Judges and ILLSTON* District Judge.

### MEMORANDUM**

The district court granted summary judgment to defendants below, on plaintiffs' claim that inadequate warnings about odor-fade on propane gas caused injuries to the Goehring family when plaintiff Sam Goehring lit a cigarette in the Goehrings' tent. Propane gas which no longer had a detectable odor had leaked from a heater inside the tent during the night. When Sam lit a cigarette the next morning a flash-fire ignited. The district court held that Sam Goehring's failure to read and heed the warnings given was the proximate cause of the plaintiffs' injuries. The district court held that additional warnings would not have changed the outcome and thus decided the issue of causation in favor of defendants on summary judgment. Plaintiffs appeal, arguing that the issue of causation should have been presented to the jury. Also presented on appeal is a cross-appeal by Flying J, the retail vendor of the propane, challenging the district court's decision that Flying J had a duty to warn plaintiffs about the dangers of propane gas and breached that duty.

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. The district court's ruling is affirmed with respect to defendants Worthington Cylinder and Target, and reversed with respect to defendants Bernzomatic and Flying J.

### STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

### INTRODUCTION

Plaintiffs' Amended Complaint alleged claims of negligence, breach of warranty and strict liability against the following defendants: GreatLand/Target/Hudson's (tent manufacturer and seller); Worthington Cylinder (propane cylinder manufacturer); Flying J (seller of propane); Bernzomatic/Newell Co./Newell Operation Co. (manufacturer and seller of propane heaters); and Natural Gas Odorizing, Inc.

In preparation for a camping trip in the summer of 1997, Sam Goehring bought 20 pounds of propane from a Flying J convenience store. Sam filled a propane cylinder manufactured by Worthington Cylinder that he had purchased from Sears in 1995. It had a warning label affixed to the top which said that it should not be used without reading the owner's manual of the appliance with which it was used. Sam also purchased a Bernzomatic propane gas heater from a pawn shop, Economy Emporium, in preparation for the trip. This heater was manufactured in 1968 and came with a label on top instructing the operator to read the instructions on the inside back

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

panel of the heater. Sam saw this instruction but admitted he did not read the inside back panel's instructions. One of those instructions was not to use the heater while sleeping. Sam also purchased a tent from Target for the trip.

On July 3, 1997, Sam Goehring placed the Bernzomatic heater in the sleeping area of his tent. This heater was connected by a hose which Sam had detached from the cook stove, to a 20 pound propane cylinder in the screened-in porch area. When Sam awoke in the morning, he lit a cigarette, igniting a flash fire in the tent. This flash fire badly burned Sam, his wife, and his children. While ethyl mercaptan normally produces a distinctive odor when propane gas has leaked to alert those around to the gas leak, Sam did not smell ethyl mercaptan on that morning, apparently due to odor fade. Odor fade occurs when the smell of ethyl mercaptan becomes undetectable.

The district court concluded that reasonable minds could not differ on the undisputed facts and that appellants were not able to establish proximate cause as a matter of law. The court found that if Mr. Goehring had heeded any of the available warnings this would have resulted in avoidance of the accident. The court noted that Mr. Goehring admitted in his deposition that had he read the warning on the inside back cover not to use the heater while sleeping, he would not have placed the heater inside the tent. The court held, "it is clear that Mr. Goehring failed to heed the warning, which if heeded would have prevented the accident, and thus the lack of warnings by Flying J cannot be the proximate cause of the accident." Order at 11. Likewise, the district court found that plaintiffs were unable to establish causation with respect to defendants Target, Worthington Cylinder and Benzomatic.

Having determined that Mr. Goehring's own negligence in failing to read and heed the instructions and lighting a cigarette inside the tent was the proximate cause of the injury, the district court granted summary judgment on all negligence claims to all defendants. On plaintiffs' strict liability claims against defendants, which alleged that the product as manufactured and distributed was defective because it contained inadequate warnings, the district court granted summary judgment for defendants. The court found that the plaintiff supplied no evidence that the warnings given were inadequate, and, to the contrary, found that had the warnings been heeded they would have been adequate to prevent the injury. On plaintiffs' breach of warranty claims the court found that plaintiffs failed to establish that any of the defendants had warrantied their products and thus granted summary judgment on all claims for breach of warranty.

## DISCUSSION

The district court determined that Mr. Goehring's negligence was the cause of his injury, and that defendants either discharged their duties to warn the plaintiffs-appellants about the dangers of using propane gas, or that the failure to warn or inadequacy of any warnings was not the proximate cause of the Goehrings' injury. The district court was unpersuaded by appellants' argument that more or different warnings might have been sufficient to prevent the injury. The district court found that in light of the failure to read the warnings given, at least some of which were sufficient to prevent the injury, there was no evidence that more or different warnings would have been read. Further, the district court found Mr. Goehring's own negligence to be the cause of the injury.

It is necessary to analyze each of the warnings issued by each defendant separately to determine: 1) the scope of the defendant's duty to warn; 2) whether the defendant's warning was adequate; and 3) whether, if the warning was not adequate, the inadequacy was the cause of the Goehrings' injuries. This Court finds that a reasonable jury could conclude that at least some of the defendants did not adequately discharge their duties to warn, and that more or different warnings could have prevented the injury, as set out below.

### A. Worthington Cylinder

The following warnings were on the propane cylinder:

A) "WARNING! For outdoor use only."

B) "DO NOT TAKE OR STORE IN BUILDINGS OR ENCLOSED AREAS."

C) "A SERIOUS FIRE OR EXPLOSION could result from misuse, leaks, mishandling, overfilling, or tampering with valve or cylinder."

D) "ALWAYS tighten P.O.L. connection—LEFT HAND THREAD. All gas connections must be checked for leaks with a liquid soapy solution, once pressure is on the system."

E) "Do not use without reading the OWNER'S MANUAL and warning information for the specific appliance with which the cylinder will be used."

■ The district court held that Mr. Goehring's own negligence in failing to read these warnings was the cause of the injury and that more or different warnings would not have made a difference. This Court agrees that these warnings are adequate and, had they been read and heeded, would have prevented the injury. Thus the district court correctly determined that Worthington Cylinder adequately discharged its duty to warn and the grant of summary judgment to Worthington Cylinder was correct.

### B. Flying J

■ The adequacy of Flying J's warnings is an issue which should have been presented to the jury.

The district court assumed that, under Idaho law, Flying J had a duty to warn and that, in failing to provide any warnings, it breached that duty. However, the district court then found that even if this duty on Flying J's part was breached, causation could not be established and thus Flying J was not liable.

The district court was correct to assume that under Idaho law a jury could find that Flying J had a duty to warn, which it breached. *See Robinson v. Williamsen Idaho Equip. Co.*, 94 Idaho 819, 498 P.2d 1292, 1299 (1972). Under Restatement of Torts Section 402, which is followed by Idaho courts, *see Shields v. Morton Chem. Co.*, 95 Idaho 674, 518 P.2d 857, 859–960 (1974), sellers, suppliers and manufacturers of products have a duty to warn about all foreseeable risks. *See* Restatement (Second) of Torts § 402A cmt. h (1965).

Flying J appeals that part of the district court's decision which assumes a duty to warn was breached by Flying J, arguing in effect that others supplied all necessary warnings. *See Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.*, 97 Idaho 408, 546 P.2d 54, 60 (1975). However, the Goehrings theory was that Flying J specifically had a duty to warn them about the dangers of odor-fade, which Flying J did not do. The Goehrings based this argument on Idaho law's requirement that a retailer's duty to warn extends to risks of danger which arise during all foreseeable uses of a product. *See Robinson*, 498 P.2d at 1299–1300. The Goehrings argue that, although Mr. Goehring testified that when

the propane was sold to him by Flying J he could still smell the propane, Flying J had a duty to warn that the smell of ethyl mercaptan could fade. The Goehrings' expert Patrick Patterson testified that odor fade is a known danger of ethyl mercaptan and that "[c]onsumers must be told of this critical defect." The Goehrings also submit several examples of pamphlets warning propane users about odor-fade and argue that there is a nationally recognized duty of propane retailers to warn users about the dangers of odor-fade. The Goehrings also provide a Technical Information Bulletin from Phillips Petroleum which states that "Whenever propane is used ... education of the users by the retail markets ... is needed to decrease the risk of death or a very serious injury caused by a propane flash-fire explosion."

Flying J cannot reasonably rely on the warnings of others, because even if Mr. Goehring's negligence in failing to heed the warnings from the other defendants was a cause of the injury, Flying J's failure to give warnings of odor-fade may also be a substantial factor in causing the injury. Idaho law applies a substantial factor test to the question of causation. The but-for test is applied only where the allegation is that there was one sole cause of the injury. Accordingly, even if Mr. Goehring's negligent behavior was a causal factor, Flying J's failure to warn about odor-fade may also have been a substantial causal factor. *See Pate v. Columbia Machine, Inc.*, 930 F.Supp. 451, 460–61 (D.Idaho 1996). The Idaho Products Liability Act provides: "Comparative responsibility shall not bar recovery in an action by any person ... to recover damages for product liability resulting in death or injury to person or property, if such responsibility was not as great as the responsibility of the person against whom recovery is sought...." Idaho Code § 6–1404 (2003).

The district court's grant of summary judgment is reversed with respect to Flying J. In light of the evidence presented about warning of odor-fade, it cannot be said plaintiffs' negligence was, as a matter of law, the sole cause of the injury. Whether (1) Flying J had a duty to warn about odor-fade and if so, (2) whether the failure to discharge that duty was a substantial factor in Mr. Goehring's injury, are jury questions.

## C. Bernzomatic

■ On the Bernzomatic heater, a label affixed on the top stated, "BE SURE TO READ COMPLETE OPERATING INSTRUCTIONS ON INSIDE OF CASE."

The inside of the case contained instructions which read:

A) "CAUTION: USE ONLY IN WELL–VENTILATED AREA."

B) "DO NOT USE WHEN SLEEPING!"

Mr. Goehring read the label on the outside of the case, but while he noticed the instructions on the inside, he did not read them. The district court concluded that because Mr. Goehring did not read the inside instructions provided, different instructions would not have prevented the fire from occurring.

However, Mr. Goehring also testified that the reason he did not read the inside instructions was because they were described as "operating instructions" and he already knew how to operate the propane tank. Nothing on the outside of the case suggested that safety instructions were included inside. Plaintiffs-appellants presented evidence and expert testimony challenging the adequacy of the content and the placement of these warnings, including findings by the Consumer Product Safety Commission which has found the warning "Do Not Use While Sleeping" to be inade-

quate, and expert testimony concerning the subject of odor-fade.

Appellee Bernzomatic argues "any arguments about 'prominence' on this record are academic, because Mr. Goehring was aware of Bernzomatic's efforts to communicate its instructions and he chose to ignore them." This, however, presented a question for the jury.

In light of the expert testimony about the inadequacy of the warnings, the district court erred in finding that as a matter of law Sam Goehring's negligence was the proximate cause of the injuries to himself and his family, rather than the inadequacy of the Bernzomatic warnings. "Although the determination of the factual cause of an injury is normally left to a jury, a court may perform that function as a matter of law when the undisputed facts reasonably lead to only one conclusion." *Umphenour v. Yokum*, 118 Idaho 102, 794 P.2d 1158, 1160 (1990). Idaho law provides that issues of causation can be decided as a matter of law only where there is "absence of evidence showing or tending to show a causal connection between defendant's negligence and plaintiff's injury...." *Clark v. Chrishop*, 72 Idaho 340, 241 P.2d 171, 175 (1952). Under Idaho's "substantial factor" test, a reasonable jury could find that the inadequacy of the Bernzomatic warnings was a substantial factor causing the injury.

**D. Target**

■ Target argues that the Goehrings waived the right to appeal the summary judgment with respect to Target. Target's argument is unpersuasive. While appellants' brief contains very little argument vis-a-vis Target, it does mention that Mr. Goehring read the instructions on the tent and argues that those instructions were inadequate. Therefore, no waiver occurred with respect to the negligence claim, although the Goehrings concede that they have waived any claims for strict liability and breach of warranty against Target on appeal.

■ To the extent that Target had a duty to warn, Target discharged the duty by including writing on the side of the tent admonishing the user not to use a flame inside the tent. Target's warning label read, "Keep all flame and heat sources away from this tent fabric" and instructed the user not to use "an open flame in or near the tent." No reasonable jury could conclude that the failure to include warnings about propane gas on the tent was a substantial factor causing plaintiffs-appellants' injury. Causation is simply too attenuated. Accordingly, because no reasonable jury could find that any failure to warn on Target's part caused the injury, the district court's grant of summary judgment with respect to Target is affirmed.

## CONCLUSION

The district court's grant of summary judgment with respect to Worthington Cylinder and Target is AFFIRMED. The district court's grant of summary judgment with respect to Bernzomatic and Flying J is REVERSED, and the action is REMANDED for further proceedings consistent with this opinion.